### EMMA AYCOCK ET AL. v. SAN ANTONIO BREWING ASSOCIATION ET AL.

#### Decided May 22, 1901.

**1.—Assignment of Error.**

An assignment of error under which no proposition is stated, or which embraces more than one subject matter, will not be considered.

**2.—Street Railways—Constitutional Law—Title of Act.**

The Act of 1897 (Laws 1897, chapter 30, page 188) entitled "An act to amend articles 641 and 642, chapter 2, title 21, of the Revised Civil Statutes of Texas relating to corporations," and which authorizes the creation of private corporations for the purpose of constructing and operating street railways in cities and towns for the transportation of freight, is not prohibited by anything in the Constitution, nor is it invalid on the ground that its caption refers to inappropriate articles as the subject of amendment.

**3.—Same—Number of Incorporators.**

A street railroad company authorized by the Act of 1897 is not such a corporation as is contemplated by article 4350, title 94, Revised Statutes, requiring not less than ten persons as incorporators of a railroad company.

**4.—Same—Use of Street for Freight Railroad.**

The use of a street for a street railroad for the transportation of freight being authorized by law and consistent with the purposes for which streets exist, will not be restrained or declared a nuisance at the instance of an abutting property owner.

**5.—Same—Lease of Line—Joint Liability.**

Where, under the Act of 1897, page 188, a transportation company has been organized to operate a street railroad for the transportation of freight, and it has, under the sanction of the proper authorities, obtained a right, in the nature of a lease, to use for that purpose the line of an ordinary street railway company, an injunction will not lie against such use of the street, and the street railway company is equally liable with the transportation company for injury to adjacent property resulting from such use.

Appeal from Bexar. Tried below before Hon. John H. Clark.

*C. S. Robinson* and *B. L. Aycock,* for appellants.

*Charles W. Ogden, J. O. Terrell,* and *Newton & Ward,* for appellees.

JAMES, CHIEF JUSTICE.—The petition was against the San Antonio Brewing Association, the Alamo Heights Railroad Company (a street railway company), and the Galveston, Harrisburg & San Antonio Railway Company, all corporations, alleging in substance that defendants, in 1898, combined for the purpose of converting a portion of the street railway of defendant Alamo Heights Railroad Company into a railroad for the private use of the brewing association, from the Galveston, Harrisburg & San Antonio railway track near Austin street, in the city of San Antonio to a certain point on River avenue at or near the brewery, a distance of about 3700 feet, and tore up the track of the street railway in front of appellant's property which abutted on the street, and made it a railroad for hauling trains of freight cars to and from the brewery to the Galveston, Harrisburg & San Antonio railway yards. That defendants also entered upon appellants' lots, stretching wires over the lots, and planted poles on the sidewalk, and constructed a heavy track on and across the corner of plaintiffs' sidewalk, and, after completing it, began and continued to operate a freight railroad there without plaintiff's consent, thereby creating a public and private nuisance and damaging plaintiffs. That it was being operated on a franchise granted for a street railroad only, and was unauthorized, maliciously maintained, etc., and damaged plaintiffs' property in the sum of $5000.

The prayer was that said railroad track, rails, poles, wires, and the running of trains on and over plaintiff's lots be declared nuisances and ordered abated, and that plaintiffs have judgment for $2000 exemplary damages; that the Galveston, Harrisburg & San Antonio Railway Company be restrained from further permitting the said freight cars being switched from its yards on and over said streets. But that if the foregoing relief can not be granted, then that plaintiffs recover $5000 actual damages.

The answer was, in substance, a general denial, and specially that if any of the alleged acts were done, or if a freight railway is operated along the street in front of plaintiffs' property, that the same were done and operated by the Texas Transportation Company, a corporation existing under the laws of Texas, and by virtue of the provisions of its charter, the ordinances of the city of San Antonio, and a franchise from said city. That if any damage has accrued to plaintiffs, these defendants are not liable therefor. That the said Texas Transportation Company, which is not a party to this suit, is liable, if anyone.

The trial resulted in a judgment in favor of plaintiffs for $750 against the Alamo Heights Railroad Company.

As the case is briefed, we think it advisable to take up and dispose of the assignments seriatim.

The first assignment can not be considered under the rules, there being no proposition stated in any form.

Under the second and fourth assignments appellants advance two propositions, which we copy as follows: "(1) The judgment ought to have been a decree declaring the railroad as operated—a freight railroad

—a nuisance, and ordering the same abated from plaintiffs' lots. (2) The said railroad as constructed and operated is not a 'street railway for the transportation of freight on the streets of San Antonio' in contemplation of the Legislature in enacting the amendments to laws of 1897, pages 188, 189."

From these propositions and appellant's argument, we infer (for the brief does not present the matter distinctly) that the point sought to be presented is that there was no authority for this freight railroad to exist upon this street. It was developed that the Texas Transportation Company was incorporated under the amendments referred to, for the purpose of constructing, maintaining, and operating a street railway for the transportation of freight in the city of San Antonio, Texas; that it had a permit or franchise from the city to build and operate a freight railroad over the streets in question, confining it, however, to the places in said streets where the street railway was already built, except as to such portions thereof as might be necessary to change or enlarge curves for the accommodation of freight traffic; that a contract had been made between it and the street railroad company, (acting by its receiver under proper orders) by which it was allowed upon certain terms to reconstruct the track and adapt it to use of freight cars, which contract was practically a lease to the Texas Transportation Company, and it appears that both companies continued to use the reconstructed line for their respective corporate purposes.

We think the charter granted the Texas Transportation Company was authorized. There is nothing in the Constitution which prohibited the amendment of 1897. It is contended that this amendment is unconstitutional because its caption refers to inappropriate articles as the subject of amendment, also that a railroad corporation, as this was, required that there be ten incorporators, instead of three. We can not sustain these contentions. This was not such railroad as is contemplated by title 94 of the Revised Statutes. This view likewise disposes of the fifth and tenth assignments.

The use of the streets being one authorized by law, and consistent with the purposes for which streets exist, plaintiffs were not entitled to have such use restrained by injunction, or declared a nuisance. This disposes of the sixth assignment.

The eighth and ninth assignments are void under the rules, embracing as they do more than one subject. We therefore do not consider them.

The eleventh assignment is as follows: "The court erred in refusing to grant the plaintiffs' motion to enter up a judgment restraining the further use of the streets, because the undisputed testimony established the fact that defendant Alamo Heights Railroad Company was operating said road for freight carrying, without legal charter to operate a freight railroad. And the contract read in evidence between the Texas Transportation Company and the Alamo Heights Company, indemnifying it against all illegitimate consequences of the operation or construc-

tion of the road, shows it is bound by the verdict and judgment, and that said Texas Transportation Company is not a necessary party to an injunction. And said instrument provided for the cessation of the operation of the road on the decision of this case against the Alamo Heights Company."

The district judge submitted the case solely upon the issue of damages to plaintiffs' property. The court assumed that plaintiffs had no case for abatement or injunction. The verdict rendered was in favor of the San Antonio Brewing Association and the Galveston, Harrisburg & San Antonio Railway Company and in favor of plaintiffs against the Alamo Heights Railroad Company for $750. The above assignment contends that, upon the undisputed evidence, the court should have enjoined the Alamo Heights Railroad Company from the further use of its line for freight transportation. It is true the Alamo Heights Railroad Company was an ordinary street railway company, and had no authority itself to operate a freight railroad over its line. But it was shown that another corporation that actually had such power, had obtained, with the sanction of the proper authorities, the right to so use this street and this line. Therefore an injunction against such use would have been improper.

There was no error committed in the framing of the verdict, so far as we can see from what is presented in the brief. This in reference to the seventh assignment.

There is a cross-assignment by appellees which complains of the recovery against the Alamo Heights Railroad Company for two reasons: (1) That there was no evidence that it maintained or operated the freight street railway; and (2) that plaintiffs were allowed by the court to withdraw a remittitur which they had filed. The remittitur was made under conditions which warranted the judge in allowing it to be withdrawn.

Under the evidence the Alamo Heights Railroad Company practically leased its line to the Texas Transportation Company, and was a party to the use thereof for freight traffic, receiving a rental and other benefits therefrom. Under these circumstances it would be liable equally with the Texas Transportation Company for injury to adjacent property. No point is made in the cross-assignment that such use did not constitute an additional burden to the street.

The judgment is affirmed.

*Affirmed*

Writ of error refused.