STEPHENVILLE OIL MILL ET AL. v. JAMES McNEILL ET AL.

Decided October 23, 1909.

**1.—Appeal—Brief—Insufficient Assignment of Error.**

An assignment of error as set out in appellant's brief was, in substance, that the court erred in rendering judgment in favor of appellees and against appellants for the land described in appellant's answer; this assignment was not a copy of the assignment filed in the court below; under the assignment twenty-one propositions were submitted complaining of various alleged errors of the court, including numerous rulings on the admission of evidence, and so appellants virtually submitted their whole case. Held, the assignment was not in conformity with the statute and rules and was therefore not entitled to consideration.

**2.—Same.**

The Appellate Courts will not consider an assignment of error, in substance, that the trial court erred in overruling a motion by appellants for judgment in their favor upon findings of fact by the jury upon special issues, when the assignment is not followed by a statement in the brief showing the ruling complained of or what the findings were upon which judgment was asked, nor that exception was taken to the ruling of the court.

**3.—Practice—Admission of Improper Evidence—Harmless Error, When.**

The admission of improper evidence becomes harmless error when the court does not submit to the jury the issue which the evidence tended to prove.

**4.—Trespass to Try Title—Common Source.**

When both parties in trespass to try title claim under plaintiffs' ancestor as common source, it is not necessary for plaintiffs to connect themselves with the sovereignty of the soil.

**5.—Appeal—Practice.**

In the absence of a fundamental error, a Court of Civil Appeals has no power to revise errors in the trial when such errors are not properly presented in a brief.

ON RESUBMISSION.

**6.—Same—Assignment of Error—Purpose.**

The primary purpose of an assignment of error is to point out the particular ruling of the court complained of, and therefore an assignment that the court erred in rendering a certain judgment because he had previously erred in various rulings on evidence and in giving and refusing charges, is not a sufficient specification of error.

**7.—Same—Defective Assignment of Error—Attempt to Cure.**

Where an assignment of error first filed in the trial court is a comprehensive attack on the judgment because of numerous rulings made during the trial, rather than an attack upon any particular ruling, the defect can not be subsequently cured by a subdivision of the assignment into other so called assignments. Such assignments would not be a copy of the assignment filed in the trial court.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*Jno. W. Wray, W. W. Moores* and *Young & Johnson,* for appellants.

*W. T. Carlton, Eli Oxford* and *M. L. Jackson,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellees as the heirs-at-law of John M. Stephens, deceased, instituted this suit in trespass to try title to recover certain lands in Erath County from the Fort Worth & Rio Grande Railway Company; Stephenville Oil Mill, J. H. Ott and G. R. and Mattie Fagan. The case was submitted to a jury on special issues, and the answers to these issues supplemented by findings of the court were made the basis of a judgment for the plaintiffs. The Fagans and the railway company appealed, but the latter has not assigned error, so that in speaking of appellants we will be understood as referring only to the Fagans.

Appellants' first assignment of error is: "The court erred in ren-

dering a judgment in favor of appellees and against the Fagans for the land described in their second amended original answer." This is manifestly too general to require consideration, and besides is not a copy of the assignment filed in the court below. The assignment as filed below consists of some three and one-half pages of typewritten matter, whereas the assignment presented in the brief consists only of as many lines. The generality of the assignment is illustrated when it is seen that as many as twenty-one propositions are submitted under it, complaining of various errors of the court, including numerous rulings on the admission of evidence. In fact, appellants virtually have presented their whole case under this one general assignment, which points out no error at all. To consider such assignment in this case would be, we think, to put a premium on laxness and needlessly to consume the time of this court in doing the work which the statute and rules contemplate should be done by counsel.

The second assignment is: "Defendants moved the court on the findings of fact by the jury and the findings of fact by the court for a judgment in pursuance of such findings. The motion was overruled. In this the court erred." We can not consider this assignment because it is not followed by a statement from the record showing the ruling complained of, or showing what the findings upon which a judgment was asked were. Furthermore, the assignment can not be sustained, if considered, because there is neither bill of exception nor order of the court to indicate that such motion for judgment was ever made and overruled. Not only does the brief fail thus to point out error, but the record itself is equally silent.

There are some assignments complaining of the court's ruling in admitting evidence, but a sufficient answer to these is that the issues which the evidence admitted tended to support were not submitted to the jury, and the contention that appellees failed to connect themselves with the sovereign of the soil comes to naught in view of the court's finding of prior possession in appellees' ancestor, both parties claiming, as they do, under him as a common source of title. It may be as insistently urged by appellant that justice has not been done by the judgment of the lower court in this case, but if so, though we are not intimating such to be the case, we have no power to revise errors in the absence of a brief properly presenting them, there being no fundamental errors requiring a reversal.

The judgment of the District Court is in all things affirmed.

ON RESUBMISSION.

The judgment in this case was affirmed at the last term of this court, but the affirmance was afterward set aside and a resubmission of the case allowed in order that appellants might be afforded an opportunity to amend their brief in certain particulars. The amended briefs have been filed, but appellees still insist that we should not consider the amended assignments. In the court below the present appellants filed their assignments of error, of which the following is a copy of the first:

"1st. The court erred in rendering a judgment in favor of plain-

tiffs and against these defendants for the land described in their second amended original answer:

"1st.   Because the plaintiffs failed to connect themselves by regular chain of title with the sovereignty of the soil.

"(a) The patent shows on its face that it was issued to the heirs of John Blair.

"(b) Because the alleged power of attorney does not prove heirship, and there was no proof of heirship independent thereof.

"(c) Because there was no proof of the execution of the alleged power of attorney.

"(d) Because the alleged attorney was wholly without authority to pass or attempt to pass title of the said land to Stephens, the alleged purchaser.

"(e) Because the certified copy of the alleged power of attorney was simply a copy of a copy, the original of which had never been filed, as required by .law, in the records of deeds for Erath County, or the county to which it was attached originally for judicial and land purposes.

"(f) Because there is no provision of law authorizing certified copies of either originals or exact copies of instruments from the Land Office of the character of the one in question to be used in evidence in trespass to try title.

"(g) Because the alleged copy of the power of attorney was incompetent, inadmissible, and should have been by the court excluded from the consideration of either the jury or himself in the respective findings.

"2d.   The application of W. W. McNeill to have the estate partitioned is void on its face:

"(a) Because it did not recite the names or the residences of the heirs or the distributees, nor that their residences were unknown.

"(b) Because it is alleged that there were 660 acres of the Blair survey of 17 2/3 labors that belonged to said estate that was ready for partition, without giving any further or better description.

"(c) Because the petition or application is absolutely void for the want of description of the land and such description as would enable the court to intelligently render a judgment thereof.

"3d.   The judgment or order of the court on the application or petition for proceedings is likewise void:

"(a) Because there is no description in the judgment or order ordering the partition and appointing partitioners.

"(b) The partitioners were wholly unable to partition the land from the order of the court, and were necessarily required to make independent investigations as to its locality, and this they were  .  .  . without authority to do.

"4th.   The order of the court confirming or approving the partition of the commissioners is void:

"(a) Because the map or plat did not become a part of the record of the probate proceedings, and without that the whole matter of partition and division of the property is unintelligible.

"(b) Because the judgment of the court does not undertake to divest the title and invest it respectively as required by statute.

"(c) Because there was nothing in the record to put a purchaser or occupant upon notice.

"5th. The judgment is void and the entire partition proceedings are void:

"(a) Because there does not appear to have been any pending administration.

"(b) Because if there was, it does not appear from the judgment or the record or anything offered in evidence that the heirs set out in the petition of the administrator for the partition were ever cited as required by law.

"(c) Because there does not appear from the records or proceedings or the evidence. offered that the court instructed or directed the issuance of the writs of partition to the commissioners.

"6th. If it should be held that the partition proceedings were regular and valid, nevertheless the judgment of the court is erroneous, because the commissioners in making the partition set off to W. W. McNeill in fee simple the premises and property involved and claimed by Mrs. Fagan, and it appears that she and those under whom she·claims had acquired by mesne conveyance his interest therein, and that the plaintiffs have no right or title thereto.

"7th: The jury found on a proper submission by the court that Polly Parnell (through whom Mrs. Fagan claims title) built a three-room house on the premises, enclosed it by fence, sunk a storm cellar and well, and went into the possession thereof Oct. 1, 1893; that she remainded in the possession from that time to 1901; that Mrs. Fagan purchased the property from Mrs. Parnell (admittedly) July 2, 1901, paid her $500 in cash therefor, and believed that she was acquiring the title in fee simple to the same, without any notice whatever that plaintiffs were making any adverse claim thereto; that subsequently she made a contract with the ice company by which she was to convey the lot and adjoining one to the company upon the payment to her of the consideration of $1,000; that she prepared a deed, was ready to deliver it; the company failed to pay her, though it had constructed valuable improvements on the property in the meantime, and turned back the improvements and the possession to her, all of which is disclosed in the findings of the jury nine to twelve inclusive.

"8th. The court erred in not rendering a judgment for the defendants on the findings of fact, as found by the jury and by the court."

Appellants' first assignment was disregarded on the first submission for the reasons given in the opinion then filed. By the amended brief the matter constituting the first assignment in the record, as above quoted, is submitted in eight parts, designated respectively: First assignment of error, second, third, fourth, fifth, sixth, seventh and eighth subdivisions of the first assignment of error. Each of these is followed by propositions, statements and authorities, as though they constituted separate assignments of error. In dividing the assignment of error appellants seem to have made each ground of error therein, as above numbered, the basis for one of their subdivisions, thus presenting eight assignments of error in the one. Most of these subdivisions, it will be seen, are not in the form of an assignment of error in that

they do not complain of any ruling of the court, but rather are in the nature of propositions of law. We have concluded that none of these matters can be considered by us. The difficulty in appellants' way appears to be that the first assignment of error filed below is a comprehensive attack on the judgment because of numerous erroneous rulings made during progress of the trial, rather than an attack upon any particlar ruling itself. We know of no authority to subdivide an assignment of error to avoid multiplicity, even if by so doing good assignments were presented in the brief, for obviously the assignments thus presented would not be copies of the assignments filed below, as required by the rules. The primary purpose of an assignment is to point out the particular ruling of the court complained of, and obviously an assignment of error that the court erred in rendering a certain judgment because he had previously erred in a half dozen rulings on evidence and in as many charges given and refused, is not specification of error at all. So that whether we treat appellants' eight subdivisions of assignment No. 1 as constituting a single assignment, as filed below, or whether we treat them as separate assignments, as presented in the brief, we are yet unable to consider them. They are therefore stricken out and disregarded.

The other assignments of error were disposed of in our opinion already referred to, and for the reasons there given are overruled.

Conner, Chief Justice, inclines to the view that irrespective of the insufficiency of the assignments of error, and as matter apparent of record, appellant Mattie Fagan was entitled to the value of her improvements in good faith, as shown in the verdict. The judgment of the District Court is affirmed.

*Affirmed.*