## BOWERS v. GOATS.†

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1912. Rehearing Denied March 29, 1912.)

1. BILLS AND NOTES (§ 489*)—PLEADINGS—VARIANCE.

A petition described the notes sued on collectively as to their date, amount, rate of interest, etc., and as "stipulating for 10 per cent. on amount of principal and interest then due as attorney's fees in case said notes are placed in the hands of attorneys for collection or if collected by suit." Held, that the petition did not in effect state that the defendants contracted that if suit had to be brought on either note plaintiff became entitled to an additional 10 per cent. on all the others, as well as the note sued on, and hence there was not a fatal variance with the notes, each of which recited that "it is hereby specifically agreed that, if this note is placed in the hands of attorney for collection or collected by suit, I agree to pay 10 per cent. additional on the principal and interest then due as attorney's fees."

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

2. APPEAL AND ERROR (§ 736*)—ASSIGNMENT OF ERROR—MULTIFARIOUSNESS.

An assignment of error which contained three distinct propositions of law was bad for multifariousness and could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

3. APPEAL AND ERROR (§ 759*)—BRIEF—ASSIGNMENTS OF ERROR.

Under Supreme Court Rule 29 (142 S. W. xii), providing that the assignments of error relied on by the appellant shall be copied in his brief, it is essential that such assignments, as they appear in the record, be copied literally in the brief, to warrant consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by H. L. Goats against J. H. Bowers and others. From a judgment for plaintiff, defendant Bowers appeals. Affirmed.

Carl Gilliland, of Hereford, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, for appellee.

HALL, J. The appellee filed this suit in the district court of Deaf Smith county, against Lon A. Murrills, C. H. Sowle, William W. Shepard, and John P. Burch, to recover the amount of six promissory notes for the sum of $937.50 each, with interest and attorney's fees, and to foreclose the vendor's lien upon a section of land situated in said county. The cause was tried by the court without a jury, and judgment was rendered in favor of appellee, against appellant alone, for the amount of the notes,

principal, interest, and attorney's fees and against all of defendants, foreclosing the vendor's lien on the land. The appellant has presented the case to this court upon seven assignments of error. The first six assignments are grouped and relate to the introduction of the notes in evidence.

[1] A bill of exceptions was reserved to the introduction of each note, and the proposition presented thereunder is: "Where a vendee sues on a series of vendor's lien notes and alleges that the notes stipulate for 10 per cent. on the amount of principal and interest then due as attorney's fees in case said notes are placed in the hands of an attorney for collection or collected by law, and none of the notes produced and offered in evidence contain such recitation, but each contained the following recitation: 'It is hereby specially agreed that if this note is placed in the hands of an attorney for collection or collected by suit, I agree to pay 10 per cent. additional on the principal and interest then due as attorney's fees'—and it is error for the court to overrule the objection of defendant on the ground of variance and permit such notes to be read in evidence." In support of this proposition, we are referred by counsel for appellant to the case of Espey v. Heidenheimer Bros., 58 Tex. 662. This was an attachment suit based upon several promissory notes, and the plaintiff alleged that the defendants contracted in said notes to pay 10 per cent. on the *respective* amounts of said *respective* notes as attorney's fees in case suit or suits had to be brought thereon to collect the same *or either* of them, and in case defendants made default in the payment *of either* of them. The notes themselves provided for the payment of attorney's fees upon the amount collected by law upon each particular note. The court sustained the objection to the introduction of the notes, holding that there was a fatal variance and that the effect of the allegation was if suit had to be brought on either note plaintiff became immediately entitled to an additional 10 per cent. on all the others, as well as on the note sued on. In the instant case, the pleader describes the notes collectively as to their date, amount, rate of interest, etc., and alleges "and stipulating for 10 per cent. on amount of principal and interest then due as attorney's fees in case said notes are placed in the hands of attorneys for collection or if collected by suit." The petition further alleges "that said notes have been placed in the hands of Cooper, Merrill & Lumpkin, a firm of attorneys, for collection, and plaintiff has contracted to pay said attorneys the said 10 per cent. attorney's fees mentioned and stipulated in said notes, which plaintiff alleges is a reasonable compensation for the services of his said attorneys." In our opinion the assignment of error is not well taken, and the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

court did not err in overruling the objections. If the allegation had been that the defendants contracted to pay the 10 per cent. on the *respective* amount of said *respective* notes in case suit had to be brought to collect them or *either* of them, or in case the defendants made default in the payment of *either* of them, the rule contended for by appellant would be applicable; but there is no such allegation in this petition.

[2] The remaining assignment of error will not be considered for the reason that it contains three separate and distinct propositions of law, and is therefore bad for multifariousness. Union Central Life Insurance Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504; Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795; Aycock v. San Antonio Brewing Ass'n, 26 Tex. Civ. App. 341, 63 S. W. 953, writ of error denied by Supreme Court 95 Tex. 673, 64 S. W. xviii.; Fouke v. Brengle, 51 S. W. 519, writ of error denied by Supreme Court 93 Tex. 705, 55 S. W. xv; Cetti v. Dunman, 26 Tex. Civ. App. 433, 64 S. W. 787, 95 Tex. 675.

[3] Objection is further made by appellee to our consideration of this assignment for the reason that it is not literally copied in the brief. In the case of Horseman v. Coleman County, 57 S. W. 304, the court declined to consider the assignment of error in the brief for the reason that it was not strictly a copy of the assignment in the record, and stated: "It is clear that rule No. 29 [142 S. W. xii] for the government of this court was intended to compel assignments of error to be copied in the brief of appellant, not merely that they should be stated in substance, abbreviated or transposed." In the case of Alexander et al. v. Bowers, 79 S. W. 342, the court said: "The rules have not been observed by the appellants in preparing this case for submission. It is required that the assignments of error that are relied upon as stated in the record shall be copied in the appellant's brief. As to most of the assignments stated in appellant's brief, this was not done. The brief contains what purports to be assignments of error, but a comparison of the same with those contained in the record shows that they were not literally copied." There was no objection to the consideration of the assignments in this case, as in the Horseman Case, above cited, and the assignments were considered. The rule, however, seems to be well-established that rule 29 should be complied with and the assignments as they appear in the record copied literally in the brief. Stephenville Oil Mill Co. v. McNeill, 57 Tex. Civ. App. 252, 122 S. W. 911.

Because of the two objections urged to the last assignment, which seem to be well taken, it will not be considered.

The record discloses no fundamental error, and the judgment will be affirmed.