BOWERS v. GOATS.†

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1912. Rehearing Denied March 29, 1912.)

BILLS AND NOTES (§ 489*)—PLEADING AND PROOF—VARIANCE.

The second paragraph of a petition to recover on notes described eight notes as maturing on or before eight successive days after date, commencing with the second day, while a subsequent paragraph designated five of the notes as maturing upon successive years after date, commencing with the fifth year, and alleged them to have been assumed by the plaintiff and to be a portion of the eight notes originally described; the other three having been paid. The petition notified the defendant to produce the deed in which he assumed and agreed to pay the five notes. *Held,* that there was no fatal variance between the petition and notes offered in evidence which, according to their terms, matured on the years after date corresponding with the days mentioned in the second paragraph of the petition; the misdescription not being such as could have misled or have surprised the defendant.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by H. L. Goats against J. H. Bowers and others. From a judgment for plaintiff, defendant Bowers appeals. Affirmed.

Carl Gilliland, of Hereford, for appellant. Cooper, Merril & Lumpkin, of Amarillo, for appellee.

HALL, J. In so far as the facts appear from the record, this case is almost parallel with the cause of Bowers v. Goats, 146 S. W. 1013, this day decided by us. The litigation is between the same parties, based upon vendors' lien notes, wherein judgment was rendered for appellee for the principal, interest, and attorney's fees stipulated in the notes.

The first proposition under the first assignment is based upon the variance between the description of the notes as contained in the petition and the notes introduced in evidence. The notes are described as maturing on or before two, three, four, five, six, seven, eight, and nine days after date, while the notes offered in evidence, according to their terms, mature the corresponding number of years after date. The rule in Texas is that, to constitute a fatal variance, the misdescription of the note sued upon must be such as to mislead or surprise the adverse party, otherwise it should be disregarded by the court. Wiebusch & Patterson v. Taylor, 64 Tex. 53. It is true that in the second paragraph of plaintiff's petition the notes are described as being due so many "days" instead of years after date. It appears, however, in a subsequent paragraph of the same pleading, it is alleged that the appellant assumed and agreed to pay off at their maturity "five notes above described of date March 4, 1907,

---

together with all interest thereon, said five notes maturing on March 4, 1912, March 4, 1913, March 4, 1914, March 4, 1915, and March 4, 1916." These five are alleged to be a portion of the eight notes originally described and stating that notes 1 and 2, maturing two and three years after date, have been paid. The appellant is given notice in the petition to produce the deed to him in which conveyance it is alleged he assumed and agreed to pay the five notes upon which the judgment was rendered. Under this state of facts, and under the rule above announced, there was not such a variance as would have warranted the trial judge in sustaining the objection. The assignment is therefore overruled.

The remaining assignments in this cause are identical, in so far as the questions they raise, with those in the companion case above referred to between the same parties, and for the reasons stated in that case we dispose of the questions here in the same manner.

The judgment is affirmed.