FREEMAN et al. v. TEXAS & P. RY. CO.
(No. 515.)

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1916. Rehearing Denied Feb. 19, 1916.)

APPEAL AND ERROR  760—ASSIGNMENTS OF ERROR—BRIEF.

Under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), making the grounds assigned in the motion for new trial to consti-tute the assignments of error, the assignments of error in the brief must be true copies of the corresponding paragraphs of the motion for new trial, and not rewritten or reconstructed assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig.  760.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Mrs. M. E. Freeman and others against the Texas & Pacific Railway Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

John T. Hill and O. L. Bowen, both of El Paso, for appellants. Geo. Thompson, of Dallas, and Russell & Gillett, of El Paso, for appellee.

WALTHALL, J. This suit was brought by appellants to recover of appellee the value of a race horse shipped by W. B. Freeman, from Dallas, Tex., to El Paso, Tex., on appellee's line of railroad. It is alleged that while en route the horse was taken with shipper's fever from exposure and want of attention, and died in a few days after reaching its destination. Appellee is charged by appellants with negligence in not properly caring for the horse while in its care and custody, negligence in failure to exercise ordinary care in transporting the horse within a reasonable time. The view we take of the case we need not further state the issues. The case was submitted to a jury. A verdict was returned in favor of appellee under a general charge submitting only the issue of negligence in the alleged failure to exercise ordinary care to transport the horse within a reasonable time. Appellants filed an amended motion for a new trial, which the court heard and overruled.

Appellants submit two assignments of error, each referring to paragraphs in the motion for new trial, as the basis for the assignments, and each assignment followed by several propositions thereunder, but neither of the assignments conform to the statute and rules for the preparation and submission of cases to appellate courts. They each fail to correctly copy in the brief as the basis for the errors assigned, the corresponding ground for a new trial as stated in the motion. Article 1612 of the Revised Statutes, as amended by the Thirty-Third Legislature (chapter 136, p. 276), makes the grounds assigned in the motion for a new trial, where such motion is filed, to constitute the assignments of error. The Courts of Civil Appeals have uniformly held that the rules for briefing cases contemplate that the assignments of error in the briefs shall be true copies of the corresponding paragraphs of the motion for new trial, and not rewritten or reconstructed assignments or grounds. Ruth v. Cobe, 165 S. W. 530; Coons v. Lain, 168 S. W. 981; Overton v. Colored Knights of Pythias, 163 S. W. 1053; Hayes v. Groes-

beck, 146 S. W. 327; Smith v. Bogle, 165 S. W. 35; Dees v. Thompson, 166 S. W. 56; J. B. Farthing Lumber Co. v. Illig, 179 S. W. 1092. Prior to the amended statute, it was held that the assignments filed with the clerk in the trial court must be correctly copied in the briefs, and that it was not permissible to present assignments as to either form or substance not correctly copied. Stephenville Oil Mill Co. v. McNeill, 57 Tex. Civ. App. 252, 122 S. W. 911; Horseman v. Coleman County, 57 S. W. 304. The above is the construction the courts place upon rule 29 (142 S. W. xii) for the submission of cases. Again, material matter not found in the corresponding paragraph in the motion for new trial is stated in the assignments in the briefs. Chief Justice Key, in Pate v. Vardeman, 141 S. W. 317, strongly criticizes such practice and holds that a ground in the assignment of error incorrectly copied in the brief should not be considered. We expressly disclaim any reflection upon the motives of counsel in the instant case in this matter. We are quite sure there was no improper motive upon their part in presenting reconstructed assignments, but adhering to a practice which this court has adopted and which is deemed salutary, we decline to consider the assignments.

We deem it unnecessary to copy the grounds stated in the motion for new trial, and the corresponding assignments in the briefs, as the grounds in the motion and the assignments in the briefs are lengthy; but an inspection of the two discloses that no effort was made to correctly copy in the briefs as assignments of error the grounds stated in the motion. Judge Hendricks, of the Seventh Court of Civil Appeals, in Edwards v. Youngblood, 162 S. W. 1164, gives some most excellent reasons why the assignments should be distinct and correct copies of the corresponding grounds in the motion for new trial, holds as mandatory the statute making the grounds of error in the motion for new trial to constitute the assignments of error, and refused to consider assignments not the same in form or substance as those in the motion. Appellee, in its objections to a consideration by this court of the assignments, points out other objections to the appellants' two assignments, some of which are well taken, and others are not so clear, but we deem it unnecessary to consider them.

For the reasons stated in this opinion, the assignments cannot be considered. The case is affirmed.