## IOWA MFG. CO. v. WALCOWICH.

(Court of Civil Appeals of Texas. Austin. Feb. 18, 1914.)

1. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR—COPYING.

Under Court of Civil Appeals Rules, rule 27 (142 S. W. xii), requiring appellant to copy in his brief each assignment of error relied upon, and other rules requiring each assignment to be so presented in the brief that the appellate court can ascertain therefrom, and from the propositions and statements, the particular question to be decided, it is improper for appellant's brief to give the substance of assignments of error instead of copying them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

The Court of Civil Appeals will not disturb a verdict upon conflicting evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action by Oscar Walcowich against the Iowa Manufacturing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

G. W. Mendell, of Austin, and E. B. Coopwood, of Lockhart, for appellant. T. B. Monroe and J. B. Hatchitt, both of Lockhart, for appellee.

KEY, C. J. Appellee, the keeper of a livery stable in the town of Luling, brought this suit and recovered a judgment for $83 as compensation for boarding two horses belonging to appellant for 83 days. The plaintiff also sought to foreclose a lien on the two horses and certain other personal property, but no lien was foreclosed by the judgment. The case appears to have originated in a justice's court, but was appealed to and finally tried in the county court; and it is from a judgment rendered by the latter court that this appeal is prosecuted.

[1] Rule 27 for the government of Courts of Civil Appeals (142 S. W. xii) requires an appellant or plaintiff in error, in preparing the case for submission, to copy in his brief each assignment of error relied upon for a reversal; and other rules relating to briefs require that each assignment shall be so presented in the brief as that the appellate court can ascertain from the assignment, the proposition and statement made thereunder, the particular question to be decided without an examination of the record. In this case the appellant's brief fails to comply with any of these rules. In most instances the brief undertakes to submit two assignments together; and, instead of copying the assignments, it endeavors to give their substance in condensed form. But for the rule which requires the assignments to be copied, the course pursued might, in many instances, be satisfactory, but that affords no reason for disregarding the rule. Overton v. Colored Knights of Pythias, 163 S. W. 1053, recently decided by this court. As presented in appellant's brief, two of the assignments complain of certain specified paragraphs of the court's charge, but the brief neither copies nor states the substance of the paragraphs complained of, but merely refers to the pages of the transcript where the same can be found; and this is true as to all the other assignments, with the possible exception of those which complain of the verdict. However, we have carefully read the statement of facts, the main charge of the court, and

charges given at the request of appellant, and have reached the conclusion that, when the main charge is considered in connection with the requested instructions that were given, the jury must have understood that the rights of the parties depended upon the issues of fact clearly and distinctly submitted to the jury in the first special charge requested by appellant and given by the court, which charge reads as follows: "If you find from the testimony in this case that, after said horses had been placed in plaintiff's stable, plaintiff had knowledge that the team of horses were the property of the defendant, and that the man Taylor had been discharged by the defendant, and that, after Taylor had been discharged, the defendant demanded of the plaintiff the possession of said horses and offered to pay and was ready to pay all charges then due on said horses for their keep, and was ready and able to pay the same, and that the plaintiff under the orders of the man Taylor refused to surrender the possession of said horses to the defendant, then you are instructed that the defendant would be liable only for the amount due up to the time defendant demanded the possession of said horses and offered to pay for their keep."

[2] Upon the issues there presented, there was conflict in the testimony, and therefore we decline to disturb the verdict of the jury.

Judgment affirmed.