SMITH v. BOGLE.

(Court of Civil Appeals of Texas. Austin. Feb. 25, 1914.)

1. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR.

Paragraphs of the motion for new trial cannot be considered as assignments of error, where they are not copied into appellant's briefs as required by Courts of Civil Appeals Rules, No. 29 (142 S. W. xii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. APPEAL AND ERROR (§ 757*)—ASSIGNMENTS OF ERROR—COPYING IN BRIEF.

A paragraph of the motion for new trial asserting error in an instruction submitting an issue was sufficiently copied into appellant's brief to be considered as an assignment of error under Courts of Civil Appeals Rules, No. 29 (42 S. W. xii), though as copied it omitted a part of the paragraph stating the reasons for charging that the court erred in its instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

3. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

In an action for commissions, error in submitting the issue of joint liability of the defendants was harmless, where the verdict for plaintiff was not joint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Action by Mrs. D. M. Bogle against J. E. Smith. From a judgment for plaintiff, defendant appeals. Affirmed.

J. Robt. Bright, of Austin, for appellant. E. C. Gaines, of Austin, for appellee.

KEY, C. J. Mrs. D. M. Bogle brought this suit against J. E. Smith and the Rowe-Cypher Realty Company, and the individual members thereof, to recover commissions alleged to be due her for services rendered in effecting an exchange of real estate. There was a jury trial which resulted in the plaintiff's recovery of separate judgments, one against the defendant Smith for $165, and the other against the other defendants for $94.30. Smith alone has prosecuted an appeal.

[1] No separate assignments of error were filed in the court below, and appellant, as authorized by recent statute, has attempted to use certain paragraphs of his motion for new trial as assignments of error. Appellee objects to a consideration of any of the assignments, because the paragraphs of the motion for new trial relied on as assignments of error are not copied in appellant's brief, as required by rule 29 (142 S. W. xii). That objection is well taken, and is sustained as to all the assignments, except the sixth. Overton v. Colored Knights of Pythias, 163 S. W. 1053, and Iowa Manufacturing Co. v. Qalcowich, 163 S. W. 1054, recently decided by this court.

[2] So much of the sixth assignment as is necessary to constitute an assignment of error is copied from a paragraph of the motion for new trial, though as copied in the brief it omits that portion of the paragraph in the motion for new trial which stated the reasons for charging that the court erred in the paragraph of its charge which was therein complained of. Giving a very liberal construction to the rule requiring assignments to be copied in the brief, we hold that appellant is entitled to have his sixth assignment of error considered by this court. That assignment charges that the court erred in submitting to the jury the question of wheth-

er or not the Rowe-Cypher Realty Company entered into a conspiracy with appellant to prevent appellee from collecting a commission from appellant; the contention being that there was no evidence whatever tending to show the existence of such conspiracy. The paragraph of the charge complained of was not intended to advise the jury as to the law relating to the plaintiff's right to recover a separate judgment against the appellant, Smith, but undertook to point out under what circumstances appellant would be entitled to recover a joint and several judgment against all the defendants.

[3] If it be true, as claimed by appellant, that there was no evidence which authorized the court to submit the issue of joint liability of all the defendants founded upon the alleged conspiracy, then the answer is that, while it may have been error to submit that issue, such error has become abstract and immaterial, because there was no joint finding against the defendants. The Rowe-Cypher Realty Company were real estate agents handling certain property which in the negotiation set out in the plaintiff's petition was exchanged for certain property owned by appellant, Smith, and appellee claimed that she was entitled to recover a commission against appellant, Smith, based upon the value of the property which he disposed of; and that by reason of an agreement between her and the Rowe-Cypher Realty Company she was entitled to one-half of the commission which that company collected from its client; and she also alleged that the Rowe-Cypher Realty Company had conspired with appellant, Smith, to defeat her right to recover against the latter, and that therefore the former was liable to her for the amount of her commission under her contract with Smith.

The first two issues were submitted to the jury by the third and fourth paragraphs of the court's charge; and the question of the joint liability of the other defendants with the defendant Smith for the commission claimed for negotiating the sale of Smith's land, was submitted by the fifth paragraph. But as the jury returned a separate and not a joint verdict, it is clear that they found for the plaintiff under the third and fourth paragraphs of the charge, and not under the fifth, which is the one complained of by the assignment of error under consideration; and therefore, if the court committed error in giving that paragraph of the charge, no harm resulted to appellant. Evidently the jury concluded that no conspiracy was shown, and sustained the plaintiff's contention that she was entitled to recover under separate contracts, one with the defendant Smith and the other with the other defendants.

Our conclusion is that the judgment should be affirmed, and it is so ordered.

Affirmed.