SHIPP v. CARTWRIGHT et al.    (No. 6960.)

(Court of Civil Appeals of Texas. Galveston. Nov. 12, 1915. Rehearing Denied Dec. 9, 1915.)

**1. APPEAL AND ERROR &#9758;742—ASSIGNMENTS —STATEMENTS—SUFFICIENCY.**

An assignment that the trial court erred in setting aside a judgment rendered at a former term can be reviewed only upon a full statement, showing what issues were joined and what the evidence was on the former trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &#9758;742.]

**2. APPEAL AND ERROR &#9758;742—ASSIGNMENTS —SUFFICIENCY.**

An assignment, complaining that the court erred in not disregarding the findings of the jury on special issues and in not rendering judgment in favor of plaintiff, cannot be considered, where not followed by a statement showing the special issues submitted, the answers of the jury, and all of the material evidence relied upon to show that the answers were not warranted; therefore where the only statement was that the answers were not supported by the facts, the assignment cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &#9758;742.]

**3. APPEAL AND ERROR &#9758;759—BRIEFS—SUF-FICIENCY.**

Under rule 29 for Courts of Civil Appeals (142 S. W. xii), declaring that assignments of error shall be copied in the brief, the brief of an appellant presents no matter for review when the assignments were not literally copied therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. &#9758;759.]

**4. TRIAL &#9758;143 — DIRECTED VERDICT — EVI-DENCE.**

Where the evidence is conflicting, the court should not direct a verdict for either party.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. &#9758;143.]

**5. IMPROVEMENTS &#9758;4 — COMPENSATION — GOOD FAITH.**

That one in possession knew of plaintiff's adverse claim to the land will not deprive him of the right to compensation for improvements; for he might, in good faith, have believed himself the true owner, and have been ignorant of plaintiff's superior rights.

[Ed. Note.—For other cases, see Improvements, Cent. Dig. §§ 4, 7–26; Dec. Dig. &#9758;4.]

**6. APPEAL AND ERROR &#9758;1068 — REVIEW — HARMLESS ERROR.**

Where the jury found in favor of defendant, the erroneous refusal of a charge on defendant's right to compensation for improvements is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. &#9758;1068.]

**7. APPEAL AND ERROR &#9758;1068 — REVIEW — HARMLESS ERROR.**

Where the jury found that plaintiff and his predecessors had occupied the land for 10 consecutive years before institution of suit, the erroneous refusal of the court to so charge was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. &#9758;1068.]

**8. APPEAL AND ERROR &#9758;742—ASSIGNMENTS OF ERROR—PROPOSITIONS.**

An assignment of error, followed by a proposition not germane, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &#9758;742.]

**9. APPEAL AND ERROR &#9758;742—ASSIGNMENTS OF ERROR—STATEMENT.**

An assignment, complaining of the introduction of testimony given by plaintiff on a former trial, presents nothing for review, where the statement did not show the nature of the testimony, its materiality, or the objections urged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &#9758;742.]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by J. C. Shipp against Leonidas Cartwright and others. From a judgment for defendants, plaintiff appeals. Affirmed.

June C. Harris, Audley Harris, and Geo. F. Ingraham, all of Nacogdoches, for appellant. Blount & Strong, of Nacogdoches, for appellees.

McMEANS, J.   J. C. Shipp brought this suit against Leonidas Cartwright, R. T. Patterson, and M. S. Griffin to recover 100 acres of land, part of the J. W. Anderson survey, in Nacogdoches county. In addition to the ordinary allegations in suits of trespass to try title, plaintiff pleaded the statute of limitations of 10 years. The case was tried before a jury, and resulted in a verdict in response to special issues in favor of the defendants, upon which a judgment in defendants' favor was entered, and from which the plaintiff has appealed.

[1] Appellant, by his first assignment of error, complains of the action of the court in setting aside a judgment rendered in his favor at a former term of court and granting to the defendants a new trial. If the action of a trial court in setting aside a judgment rendered at a former term could ever be reviewed at all, it could only be done upon a full statement, showing what issues were joined and what the evidence was on the former trial. The statement made by appellant under the assignment is wholly insufficient to authorize our consideration of the question presented.

[2] The second assignment complains that the court erred in not disregarding the findings of the jury upon the special issues submitted, and in not rendering judgment in favor of plaintiff. The proposition advanced under the assignment in effect is that, where the answers of the jury to the special issues are contrary to law and the facts proved, it is the duty of the court to disregard such findings and to render judgment in accordance with law. This assignment, to require consideration by this court, should have been followed by a statement, showing, not only the special issues submitted and the answers of the jury thereto but all of the material evidence relied upon by the appellant to show that the jury's answers were not warranted by the facts, the only statement made by appellant in support of his assignment and proposition is as follows:

"The answer of the jury to the questions propounded by the court to them were not supported by the facts, and were clearly contrary to law; therefore it was the duty of the court to set aside the verdict and render judgment for the plaintiff."

Manifestly the statement is insufficient to require our consideration of the assignment, and we decline to consider it.

[3] A consideration of all the other assignments presented by appellant in his brief is objected to by the appellees upon the ground that the assignments of error in the record have not been truly copied in the appellant's brief. A comparison of the assignments found in the record with those in the brief shows that they were not literally copied, but in some the substances only were stated, while in others some matters not contained in the original were added. Rule 29 for the Courts of Civil Appeals (142 S. W. xii) provides that:

"The appellant or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on in accordance with and confined to the distinct specifications of error (which assignments shall be copied in the brief) * * * and each assignment not so copied * * * shall be regarded as abandoned. * * *"

This rule has not been observed by the appellant in preparing this case for submission, and for that reason this court is not required to consider the assignments. Horseman v. Coleman, 57 S. W. 304; Alexander v. Bowers, 79 S. W. 342; Martin v. Bank, 102 S. W. 131; Dees v. Thompson, 166 S. W. 57; Overton v. Colored K. of P., 163 S. W. 1053; Iowa Mfg. Co. v. Walcowich, 163 S. W. 1054.

[4] But we have, however, considered the question raised by the fourth assignment, which complains of the refusal of the court to peremptorily instruct a verdict in his favor, and are of the opinion that no reversible error is shown. As before stated, the plaintiff pleaded that he had acquired title to the land in controversy under the statute of limitations of 10 years. Upon the trial he introduced proof upon this issue which, had it stood alone, would probably have required a verdict in his favor. But the proof offered by him in this regard was controverted by proof offered by the defendants, and sufficient proof was made by them on this issue to make the question peculiarly one for the determination of the jury, and in such circumstances the findings of the jury are conclusive upon the appellate court. It was not error, therefore for the court to refuse to instruct the jury as requested, and the assignment is overruled.

[5] There was no error in refusing to give the special charge complained of in the sixth assignment of error, in which plaintiff sought to have the jury instructed that, if they found that the defendant M. S. Griffin knew of the adverse claim of the plaintiff or those under whom he claimed before he made any improvements on the land, to find against him on the issue of improvements in good faith, etc. The charge is an incorrect statement of the law, for Griffin could have known of the plaintiff's adverse claim and yet could, in good faith, have supposed himself to be the true owner and have been ignorant of a better right in plaintiff.

[6] Again, the refusal to give the charge could not have prejudiced plaintiff, in view of the fact that the case was decided against him on the issue of title.

[7] The submission in the first special issue of the question of whether the plaintiff and those under whom he claimed occupied and held the land in suit for 10 consecutive years at any one time before the institution of this suit was not reversible error. True, under the facts proved, the court could have instructed the jury that he and they had occupied the land for 10 consecutive years before the filing of the suit, but the jury answered the question in the affirmative; hence the result to plaintiff is the same as if they had been instructed to so find. The question of such possession being adverse to the claim of the owner of the legal title was properly submitted to the jury in another special issue.

[8] The eighth assignment in the brief is not only not a copy of the assignment found in the record, but is followed by a proposition not germane to it, and for both reasons it will not be considered.

[9] The sixteenth assignment, complaining of the action of the court in permitting the defendant to introduce certain portions of the testimony of the plaintiff, J. C. Shipp, adduced on the former trial of this case, is overruled. There is nothing in the statement following the assignment to show what the testimony was, or what objection was urged to the introduction, and we cannot say, therefore, that the testimony was upon a material point, or pass upon its admissibility. Other assignments, not herein specifically referred to are not presented in the manner required by the rules, and for that reason we refuse to consider them. We have examined them, however, and are of the opinion that, should we consider them, we would be compelled to overrule them for the reason that none of them points out reversible error. We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

Affirmed.