### HOLLOMAN v. BLACK. (No. 615.)

(Court of Civil Appeals of Texas. El Paso. Oct. 19, 1916.)

1. APPEAL AND ERROR ☞759 — QUESTIONS PRESENTED FOR REVIEW — ADMISSION OF EVIDENCE—NECESSITY OF MOTION FOR NEW TRIAL.

An assignment of error in the admission of evidence, which is not a copy of any paragraph in the motion for a new trial, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ☞759.]

2. EXCEPTIONS, BILL OF ☞56(1) — REQUISITES—APPROVAL BY COURT.

A bill of exceptions, not authenticated by the trial court's approval, cannot be considered.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 94; Dec. Dig. ☞56(1).]

3. APPEAL AND ERROR ☞719(1) — ASSIGNMENT OF ERRORS — NECESSITY — "FUNDAMENTAL ERRORS."

In the absence of proper assignments of error, the court can consider errors in law apparent on the face of the record, sometimes designated as "fundamental errors."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968, 2972, 2980, 2981, 3490; Dec. Dig. ☞719(1).

For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

Appeal from Leon County Court; C. D. Craig, Judge.

Action by H. M. Black against J. B. Holloman for accounting. Judgment for the plaintiff, and defendant appeals. Affirmed.

M. L. Bennett, of Normangee, for appellant. W. D. Lacey, of Normangee, for appellee.

HIGGINS, J. Black sued Holloman for an accounting of partnership affairs between them. Upon trial, judgment was rendered in Black's favor for $243.47, and Holloman appeals.

[1] The first assignment complains of the admission of evidence. The assignment cannot be considered, because it is not a copy of any paragraph in the motion for new trial

filed by appellants. Chapter 136, Acts of 1913, p. 276 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612); Shipp v. Cartwright, 182 S. W. 70; Overton v. K. of P., 163 S. W. 1053; Edwards v. Youngblood, 160 S. W. 288; Oil Co. v. Crawford, 184 S. W. 728.

[2] Even if the assignment could be considered, it would, of necessity, be overruled because there is no bill of exception in the record to the admission of the evidence. There is a document filed by appellant designated as his assignment of errors and bills of exception, but it is in no wise authenticated by the trial court's approval, and cannot be considered as a bill of exception.

[3] The second and third assignments are not to be found in the motion for new trial, nor even in the document filed subsequent to the motion, and designated as "assignments of error" and "bills of exception." They therefore cannot be considered. In the absence of proper assignments, we can consider only "errors in law apparent on the face of the record," or, as they are sometimes designated, "fundamental errors." All errors not assigned are waived, except those. Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; City of Beaumont v. Masterson, 142 S. W. 984; McPhaul v. Byrd, 174 S. W. 644.

No fundamental error is apparent.

The judgment therefore will be affirmed.