WENTZELL et al. v. CHESTER et al.*
(No. 609.)

(Court of Civil Appeals of Texas. El Paso. Oct. 27, 1916. Rehearing Denied Nov. 16, 1916.)

1. APPEAL AND ERROR ☞759—BRIEFS—COPY OF ASSIGNMENTS OF ERROR.
Assignments of error, as they appear in the motion for new trial, must be correctly copied in the brief.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ☞759.]

2. TRESPASS TO TRY TITLE ☞16 — TRIAL — ELECTION BETWEEN SOURCES OF TITLE.
In trespass to try title, the defendant need not elect as between two deeds, both of which are valid and convey the same title.
[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 20, 23; Dec. Dig. ☞16.]

3. DEEDS ☞194(1), 196(1)—EVIDENCE—BURDEN OF PROOF.
Where in trespass to try title defendant shows possession of title deeds and the land in suit at the date of plaintiffs' deeds to the same land, the burden of proof is on plaintiff to show

nondelivery of defendant's deeds and want of mental capacity of grantor to execute the same.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 574, 575, 581–583, 587–593, 634, 649; Dec. Dig. ☜194(1), 196(1).]

4. EVIDENCE ☜373(1)—DOCUMENTARY EVIDENCE—DEEDS—AUTHENTICATION.

Where in trespass to try title defendant proves the execution and delivery of deeds under which possession is had of the land and the mental capacity of the grantor to execute and deliver them, the deeds are admissible as evidence as against the affidavit of plaintiff as to forgery.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1581; Dec. Dig. ☜373(1).]

5. APPEAL AND ERROR ☜1067 — HARMLESS ERROR—REFUSAL OF IMMATERIAL INSTRUCTIONS.

Refusal of special charges submitted by appellant upon immaterial issues is not cause for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ☜1067; Trial, Cent. Dig. § 475.]

6. APPEAL AND ERROR ☜1056(2)—HARMLESS ERROR—EXCLUDING EVIDENCE.

The exclusion of impeaching evidence offered by appellant upon immaterial issues is not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4188; Dec. Dig. ☜1056(2).]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Frank Wentzell and another against Ella W. Chester and another. The named defendant died pending the suit, and the case proceeded against the other defendant, W. W. Chester. From judgment for surviving defendant, plaintiffs appeal. Affirmed.

F. L. Jones, of Houston, for appellants. R. W. Franklin, of Houston, for appellee.

WALTHALL, J. This is an action of trespass to try title to lot 4 in block 404, Baker's addition to the city of Houston, north side of Buffalo Bayou, Harris county, Tex., originally brought by appellants, Frank Wentzell and Ella W. Wentzell, against Ella W. Chester and her husband, W. W. Chester. Ella W. Chester died pending the suit, and the case proceeded against W. W. Chester, sole devisee under her will. Anna Jankowski, and in some of the pleadings and other parts of the record called Anna Yankowski, is the agreed common source of title. Appellants claim title by deed of purchase from Anna Jankowski, dated July 10, 1913. Appellees claim title by two separate deeds of gift, first, October 25, 1912, second, November 25, 1912, from Anna Jankowski. The case was tried before a jury, and submitted upon special issues. Upon their findings the court entered a judgment for defendant W. W. Chester.

The charge of the court and the issues submitted quite clearly indicate the issues of fact presented by the pleadings and proof, and we think we need not more fully state them. The charge and the answers to the issues submitted are as follows:

"(1) The court submits this case to you upon special issues, which you will answer as you find the fact to be in regard to each of such special issues hereinafter submitted to you, on a separate sheet or sheets of paper, numbering your answer to correspond with the number of the issue submitted, being guided by the charge herein as to the law which the court gives you as applicable to the issues herein.

"(2) The mental condition of a party making a deed which would render a deed invalid and void is such condition of mental weakness as renders the party at the time incapable to understand what he or she is doing and the effect of his or her act, as the case may be. If a person, though sick and physically weak, is nevertheless possessed of sufficient mental capacity to understand what he or she is doing, and is capable of forming the intent to make and deliver a deed, and knows the effect thereof, such person in the meaning of the law, is of sound mind, and a deed made under such circumstances is valid and conveys title. If a person is not possessed of that degree of capacity stated above, to convey the title to such party, the deed conveys no title. Every person is presumed of sound mind until the contrary is shown.

"(3) Concerning the question of what is essential to the delivery of the deed, you are instructed as follows: That question is generally one of intention, and if a party signs and acknowledges a deed, and the officer by whom the acknowledgment is taken hands it over to the grantee (that is, the party to whom it is made) in the presence of the grantor (that is, the party making it) with such party's knowledge, and the grantor makes no objection, that is delivery in law. If Anna Jankowski made the deed of October 25, 1912, or made the deed of November 25, 1912, to Ella Chester, intending thereby to convey to her (the said Ella Chester) title to the property, and the notary, with the knowledge of Anna Jankowski, handed the deed to Ella Chester after it was executed, and she, the said Anna Jankowski, made no objection, then that was delivery within the meaning of the law. If Anna Jankowski did not intend to deliver the deed to Ella Chester, or did not intend that it should be delivered to her so as to convey title, then the fact that it came into the possession of Ella Chester would not make the delivery complete, and there would be no delivery in law.

"(4) Upon the question of undue influence, you are charged that by undue influence is meant that there is brought to bear upon the mind of the party signing the instrument such influence as was sufficient to overthrow her will and induce her to make an instrument that she did not intend to make and would not have made but for such influence, and would not have done if left to herself. Persuasion or entreaty or argument or solicitation does not constitute undue influence sufficient to set aside a deed, unless it is shown to have subverted and overthrown the will of the grantor and caused her to do that which she did not desire or intend to do.

"(5) The burden of proof is upon the plaintiffs by a preponderance of the evidence to establish nondelivery of the alleged deeds from Anna Jankowski to Ella Chester of dates October 25, 1912, and November 25, 1912, respectively, mental incapacity to execute said deeds, or that undue influence, as that term has been heretofore defined, was exercised by the defendants, or either of them, upon Anna Jankowski to induce her to make the deeds."

In response to the issues submitted, the jury found and returned the facts to be as follows:

(1) Anna Jankowski executed the deed to

the property in controversy to Ella Chester on or about October 25, 1912.

(2) Anna Jankowski intended by the deed of October 25, 1912, to convey the title to the property in question to Ella Chester.

(3) At the time of the execution of the deed of October 25, 1912, Anna Jankowski was of sound mind and capable of making a deed, as that term is defined in the charge of the court.

(4) Anna Jankowski delivered the deed of October 25, 1912, as delivery has been defined in the charge of the court.

(5) The defendants, nor either of them, exercised undue influence on Anna Jankowski to induce her to make the deed of October 25, 1912, conveying the property in question to Ella Chester, as undue influence is defined and explained in the charge of the court.

(6) Anna Jankowski at the time of executing and delivering the deed of October 25, 1912, was not under the influence of beer or whisky to such an extent that she did not know and appreciate the nature and effect of her act.

(7) Anna Jankowski executed the deed to the property in controversy to Ella Chester, of date November 25, 1912.

(8) At the time of the execution of the deed of November 25, 1912, Anna Jankowski was of sound mind, and capable of making the deed as that term has been defined in the charge.

(9). Anna Jankowski delivered the deed of November 25, 1912, to Ella Chester, or it was delivered to her in the presence and with the knowledge of Anna Jankowski and without objection on her part.

(10) Anna Jankowski intended by the deed of November 25, 1912, to convey the title to the property in question to Ella Chester.

(11) The defendants did not exercise undue influence on Anna Jankowski to induce her to make the deed of November 25, 1912, conveying the property in question to Ella Chester as undue influence is defined and explained in the charge.

(12) Anna Jankowski on July 10, 1913, was of sound mind and capable of making a deed as that term is defined and explained in the charge. On the twelfth issue the court instructed that the burden was on defendant Chester to establish the negative of the issue by a preponderance of the evidence.

(13) Frank Wentzell is the father of Ella Chester.

(14) The defendants Chester have occupied the property in question since July 10, 1913.

(15) The reasonable rental value of the property in question from July 10th to the time of trial is $10 per month. The court charged the jury that they were the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony; but the law they were bound to take from the charge given them, and be governed thereby.

Appellee objects to a consideration of any of appellants' assignments of error, because they do not conform to the rules governing in the preparation of cases for submission in Courts of Civil Appeals. Appellants' motion for a new trial covers 117 pages of the record, and is divided into five paragraphs or subdivisions, each paragraph covering more than one subject.

The appellants in their assignments in the brief make no pretense to copy the corresponding paragraph or portion of the paragraph in the motion for a new trial to which they refer. It would serve no good purpose to show the reasons why the 25 assignments in the brief do not distinctly specify grounds of error, as required by the rules.

[1] Assignments of error, as they appear in the motion for new trial, must be correctly copied in the brief. Edwards v. Youngblood, 160 S. W. 288; Iowa Mfg. Co. v. Walcowich, 163 S. W. 1054; Dees v. Thompson, 166 S. W. 56; Overton v. K. of P., 163 S. W. 1053; Smith v. Bogle, 165 S. W. 35; Lakeside Irr. Co. v. Buffington, 168 S. W. 21; Coons v. Lane, 168 S. W. 981; Ruth v. Cobe, 165 S. W. 530; Fessinger v. El Paso Times Co., 154 S. W. 1171; Imperial Irr. Co. v. McKenzie, 157 S. W. 751.

[2] However, we have carefully reviewed the entire case, and are of the opinion that the record shows no reversible error. It was agreed that Anna Jankowski is the common source of title. The proof amply shows that she voluntarily executed and delivered the two deeds to Ella Chester to the property in controversy, one on October 25, 1912, and one on November 25, 1912, and that at each time, she intended to execute the deed, was of sound mind and capable of executing the deeds, was not under the influence of beer or whisky, and on each issue submitted the jury found the fact submitted in favor of appellee. There is nothing in appellants' contention that the court should have required the appellee to elect as between the two deeds. If Anna Jankowski voluntarily executed and delivered either one of the two deeds, and was not at the time in any way under any of the disabilities charged, and each deed was executed and delivered before her deed to appellants, there is no reason why appellants should not be permitted to claim title under either or both of said deeds.

[3-6] The court placed the burden of proof on appellants to show nondelivery of the deeds and want of mental capacity to execute the deeds. Appellee was in possession of the deeds and the lot conveyed at the date of appellants' deeds. Appellee also proved the execution and delivery of the deeds, and the mental capacity of the grantor to execute and deliver the deeds. That

was sufficient to admit the deeds as evidence, as against the affidavit as to forgery. Appellants alleged that the deeds were never delivered, and that the grantor, Anna Jankowski, did not have the mental capacity to execute the deeds. We think the court was not in error, as the issues of nondelivery and want of mental capacity were defensive matters. The deeds were deeds of gift. Anna Jankowski was a white woman. Ella Chester was a bastard child of an unmarried negro woman, and the consideration in the deeds are recited to be "natural love and affection I bear for my granddaughter, Ella Wentzell (Chester." It is claimed by appellant that the consideration stated is impossible. To meet that phase of the case, if it could be a defense against the deeds, appellee, alleged, proved, and the jury found that appellant Frank Wentzell, son of the grantor, was the father of Ella Wentzell Chester, and that Anna Jankowski was the recognized grandmother of Ella Chester; that Ella had lived with and cared for her grandmother from early childhood until her marriage; that the clause in the deed referring to Ella as a granddaughter was referred to in reading and explaining the deed; and that Anna Jankowski said that she wanted to make the deed while she was living, "on account of the color of her granddaughter." Appellants submitted special charges, which were refused, and offered impeaching evidence which the court refused to hear, upon which appellants have undertaken to assign error. The evidence and charges were upon immaterial issues, and which could in no way affect the voluntary execution and delivery of the deeds.

The case is affirmed.