MANSFIELD et ux. v. MANSFIELD et al. (No. 5894.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1917.)

1. APPEAL AND ERROR &#9737;&#8594;759—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under rule 29 for Courts of Civil Appeals (142 S. W. xiii), requiring assignments to be copied in the brief, assignments of error in the brief which are not correct copies of the grounds of the motion for new trial cannot be considered.

2. APPEAL AND ERROR &#9737;&#8594;1135—ASSIGNMENTS —FUNDAMENTAL ERROR.

Where the assignments of error cannot be considered, and no fundamental error is apparent, the judgment must be affirmed.

Appeal from District Court, Bandera County; R. H. Burney, Judge.

Action by W. E. Mansfield against John Mansfield and wife, in which Laura Mansfield was vouched as warrantor of plaintiff's title. From a judgment for plaintiff and for Laura Mansfield, defendants appeal. Affirmed.

W. S. Ethridge and H. C. Duffy, both of Bandera, John R. Storms, of San Antonio, Arthur V. Wright, of Leakey, and Gilbert C. Storms, of Kerville, for appellants. Kampmann & Burney, of San Antonio, for appellees.

MOURSUND, J. This suit was brought by W. E. Mansfield against John and Mabel Mansfield, husband and wife, to recover 960 acres of land in Bandera county, fully described in the pleadings. In plaintiff's second amended original petition Laura Mansfield was vouched in as warrantor, and plaintiff prayed for judgment against her upon her warranty if he failed to recover the land. The defendants, John and Mabel Mansfield, pleaded verbal and written gifts by Laura Mansfield to John Mansfield of said land and another tract of 320 acres prior to the execution of the deed to plaintiff, and by cross-action sought to recover from plaintiff said 960-acre tract, and from plaintiff and Laura Mansfield the 320-acre tract. Plaintiff and Laura Mansfield filed pleas of misjoinder of parties and causes of action, which were sustained by the court, with the result that the cross-action was limited to the 960 acres sued for by plaintiff. Laura Mansfield filed an answer, and the parties filed supplemental pleadings, but for the purposes of this opinion the above statement will sufficiently disclose the issues. The cause was submitted upon special issues, and the answers thereto being in favor of plaintiff, judgment was rendered thereon in his favor.

---

&#9737;&#8594;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Appellee objects to the consideration of the assignments of error in the brief on the ground that the same are not correct copies of the paragraphs of the motion for new trial. A comparison of the assignments with the paragraphs of the motion discloses that no effort was made to copy such paragraphs. It is apparent that the brief was written upon the theory that it was permissible to rewrite the assignments. Rule 29 (142 S. W. xiii) for the Courts of Civil Appeals requires that the assignments shall be copied in the brief, evidently in order to prevent controversies with regard to whether the assignments in the brief correctly present the ruling complained of in the assignments filed in the trial court. To consider the assignments in appellant's brief would amount to an abrogation of that part of rule 29 above referred to. The assignments will not be considered. Freeman v. Radway, 182 S. W. 1158; Dawson v. Bank, 181 S. W. 553; Shipp v. Cartwright, 182 S. W. 70; Progressive Oil Co. v. Crawford, 184 S. W. 728; Wentzell v. Chester, 189 S. W. 304; Holloman v. Black, 188 S. W. 973; Norton v. Lea, 170 S. W. 267; Smith v. Bogle, 165 S. W. 35.

[2] There being no fundamental error apparent, the judgment will be affirmed.