**BARKLEY et al. v. GIBBS et al. (No. 7465.)**

(Court of Civil Appeals of Texas. Galveston. Feb. 26, 1918. Rehearing Denied March 28, 1918.)

1. APPEAL AND ERROR ☞759—ASSIGNMENTS OF ERROR—FORM.

Where an assignment of error is not a substantial copy of any of the paragraphs of appellant's motion for a new trial, it will not be considered in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, providing that the assignments in the motion for new trial shall constitute the assignments of error on appeal, and rule 29 of the Court of Civil Appeals (142 S. W. xii), requiring appellant to file a brief of the points relied on in accordance with and confined to the distinct specifications of error which are to be copied in the brief, and that each assignment not so copied shall be regarded as abandoned.

2. APPEAL AND ERROR ☞719(1) — FUNDAMENTAL ERROR.

No action of the court can be said to be fundamental error if to discover the alleged error an examination of the entire statement of facts must be made.

3. APPEAL AND ERROR ☞1064(1)—REVIEW—HARMLESS ERROR.

In trespass to try title, an instruction that one claiming under the five-year statute of limitations must have had adverse possession for "at least" five years after the cause of action accrued, if erroneous, in that it failed to state that such adverse possession should have been for "more" than five years, was harmless.

Appeal from District Court, Madison County; S. W. Dean, Judge.

Trespass to try title by R. W. Barkley and others against Mrs. Sallie E. Gibbs and others. Judgment for defendant Sallie E. Gibbs, and plaintiffs appeal. Affirmed.

R. J. Randolph and E. A. Berry, both of Madisonville, for appellants. Dean, Humphrey & Powell, of Huntsville, for appellees.

LANE, J. This is an action in trespass to try title brought by appellants R. W. Barkley, R. J. Randolph, Mabel Durst Hail and husband, J. P. Hail, Laura Kittrell and husband, W. H. Kittrell, and H. Durst, Jr., against Mrs. Sallie E. Gibbs and Margaret S. Scales, to recover 216 acres of land situated partly in each of the two counties of Leon and Madison in the state of Texas. Mrs. Susie L. Brooks and husband, S. Y. Brooks, were made parties defendant by Mrs. Gibbs on their warranty. Judgment was in favor of Mrs. Sallie E. Gibbs against all plaintiffs.

Plaintiffs' petition was in the ordinary form of petitions of trespass to try title. Defendant Margaret Scales filed a disclaimer and judgment was entered thereon, and therefore no further mention of her will be made in this opinion. Defendant Mrs. Sallie Gibbs answered by plea of general denial and plea of not guilty, and by special plea she averred that she held a fee-simple title to the land involved in the suit by mesne conveyances from the common source of title, to wit, P. W. Kittrell, down to herself. She special-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ly alleged that she purchased the land from Mrs. Susie L. Brooks and husband, S. Y. Brooks, and had said parties made parties defendant, and prayed that in the event judgment should be against her for the land she have judgment over against Brooks and wife for her damages. She also pleaded the statute of limitation of five and ten years in bar of plaintiffs' cause of action. Brooks· and wife, as a defense to Mrs. Gibbs' alternative suit against them, pleaded a general denial. For further answer they adopted the answer of Mrs. Gibbs as against all the plaintiffs.

The cause was submitted upon the main charge of the court and special charge No. 1 requested by appellants, as follows:

"Gentlemen of the Jury: I submit this case to you on special issues, but in order that you may understand these special issues, I give you the following instructions:

"By the term 'preponderance of the evidence' is meant the greater weight and degree of credible evidence.

"By the term 'peaceable possession' is meant such possession as is continuous and not interrupted by adverse suit to recover the estate.

"By 'adverse possession' is meant an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another.

"Possession can be maintained by the claimant or by another or others holding the same for him, and will extend to the boundaries of the entire tract claimed, although only 'a part may be actually reduced to possession.

"Bearing in mind the foregoing instructions, I submit to you the following special issues of fact:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the defendant Mrs. Sallie E. Gibbs, and those under whom she claims and whose estate she holds, has had peaceable and adverse possession of the land in controversy, cultivating, using, and enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered for at least five years after the plaintiffs' cause of action accrued and before the filing of this suit, which was on January 22, 1916, and you are instructed in this connection that plaintiffs' cause of action accrued upon the death of Mary E. Barkley and not before, and you are instructed that the defendant Mrs. Sallie E. Gibbs, and the defendants Mrs. Susie L. Brooks and her husband, S. Y. Brooks, under the partition offered in evidence, could claim under the deed offered in evidence to M. H. Ford, the ancestor of the defendant Susie L. Brooks.

"Special Issue No. 2. Do you find from a preponderance of the evidence that the defendant Mrs. Sallie E. Gibbs, and those under whom she claims and whose estate she has, has had peaceable and adverse possession of the lands and premises in controversy, claiming the same under a deed or deeds for at least ten years after plaintiffs' cause of action accrued, which I have instructed you was upon the death of Mary E. Barkley, and before the filing of this suit.

"Gentlemen of the Jury: At the request of plaintiffs you are instructed that the defense of limitation is an affirmative defense and the burden is on the defendants to prove such defense by a preponderance of the evidence and unless they have done so in this case you will find against them in their plea of limitation."

The jury answered both questions propounded by the charge in the affirmative. The trial court thereupon rendered judgment for the defendants against plaintiffs, which judgment contains, among other things, the following recital:

"The court after due consideration of the pleadings, the evidence, and the argument of counsel, as well as the verdict of the jury upon such special issues, finds that the law and the facts are with the defendants. It is therefore considered by the court that the plaintiffs take nothing by their suit, and that the defendants recover of and from the plaintiffs all costs incurred in this cause, and that defendants have their execution."

From this judgment all of the plaintiffs have appealed.

[1] Assignments Nos. 1, 2, 3, and 4, in appellants' brief, are not literal copies, nor even substantial copies, of any of the paragraphs of appellants' motion for a new trial in the record, and cannot therefore be considered. By article 1612, Vernon's Sayles' Civil Statutes 1914, it is provided that the assignments in the motion for new trial shall constitute the assignments of error on appeal. It is provided by rule 29 for the Courts of Civil Appeals (142 S. W. xii) that the appellant, in order to properly prepare a case for submission on appeal, shall have filed a brief of the points relied upon in accordance with and confined to the distinct specifications of error, which are to be copied in the brief, and each assignment not so copied shall be regarded as abandoned.

Several of the Courts of Civil Appeals of this state have held that since by article 1612, Vernon's Sayles' Civil Statutes 1914, the grounds assigned in the motion for new trial are made to constitute the assignments of error, the assignments of error in the brief must be true copies of the corresponding paragraphs of the motion for new trial, and not reconstructed assignments. Freeman v. Railway Co., 182 S. W. 1158; Shipp v. Cartwright, 182 S. W. 70; Mansfield v. Mansfield, 198 S. W. 169; Wentzell v. Chester, 189 S. W. 304; Holloman v. Black, 188 S. W. 973; Smith v. Bogle, 165 S. W. 35; Overton v. K. of P., 163 S. W. 1053; Iowa Mfg. Co. v. Walcowich, 163 S. W. 1054; Coons v. Lain, 168 S. W. 981.

In Mansfield v. Mansfield, cited above, it is said:

"A comparison of the assignments with the paragraphs of the motion discloses that no effort was made to copy such paragraphs. It is apparent that the brief was written upon the theory that it was permissible to rewrite the assignments. Rule 29 (142 S. W. xiii) for the Courts of Civil Appeals requires that the assignments shall be copied in the brief, evidently in order to prevent controversies with regard to whether the assignments in the brief correctly present the ruling complained of in the assignments filed in the trial court. To consider the assignments in appellant's brief would amount to an abrogation of that part of rule 29 above referred to. The assignments will not be considered."

The above quotation is strictly applicable to the assignments in the brief of appellants in the present case. This court has been very liberal in considering assignments found in the brief when they were substantial cop-

ies of those contained in the record, but we cannot permit new assignments to be formulated and carried into the brief without setting at naught rule 29 for the Courts of Civil Appeals (142 S. W. xii). We therefore decline to consider assignments 1 to 4, inclusive.

Assignment 5 is as follows:

"The court committed fundamental error in holding there was an issue of limitation in the case,' and in submitting that issue to the jury, as the uncontradicted evidence established that all of the land actually inclosed and cultivated by Williams was embraced by his own claim and by his own field notes, and the uncontradicted evidence shows that he claimed to the extent of his field notes embracing his own land, as fully set forth in paragraph No. 5 of appellant's motion for a new trial."

[2] This assignment is not a copy of any paragraph in the motion for new trial, and unless it presents fundamental error it cannot be considered. No action of the court can be said to be fundamental error if to discover the alleged error an examination of the entire statement of facts must be made. Riggs v. Baleman, 198 S. W. 813; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85. It is apparent from the assignment that before this court can determine whether or not the trial court erred in assuming that the evidence raised the issues of limitation it must examine the entire statement of facts. There is no fundamental error presented by the assignment and we therefore decline to consider the same.

By the eighth assignment it is, in substance, insisted that the court committed fundamental error in failing to instruct the jury on the rule of law applicable to encroachments of an adjoining landowner, as furnishing notice to constitute adverse possession of the whole of the tract upon which an encroachment is made. This assignment is not a copy of any paragraph of the motion for new trial, nor does it present fundamental error. Without examining the statement of facts we are unable to say that the facts proven call for a charge, the lack of which is complained of. If appellant desired the court to charge on the matter of encroachment, as suggested in the assignment, he should have presented to the trial court a special charge presenting that matter. This he failed to do. The assignment is overruled.

The seventh assignment is that:

"The court committed fundamental error in refusing appellants' special charge No. 2 by holding that the deed to M. H. Ford was sufficient to constitute a repudiation of the legal title by those in possession holding or claiming the life estate, and that the deed was sufficient to put the appellants on notice, thus making the said deed evidence of adverse possession; and reference is here made to appellants' bill of exception No. 2 for court's reasons in refusing said special charge."

This assignment is not a copy of any paragraph of the motion for new trial, but is pre-sented as fundamental error only. No fundamental error is presented by the assignment. It will therefore not be considered.

The eighth assignment is as follows:

"The court committed fundamental error in its charge to the jury contained in special issue No. 1 by instructing the jury that appellants' cause of action accrued upon the death of Mary E. Barkley and not before."

This assignment is not a copy of any paragraph of the motion for new trial, nor does it present fundamental error. It will therefore not be considered.

[3] By the ninth assignment it is insisted that the court committed fundamental error in instructing the jury that one claiming title under the statute of limitation of five years must have had adverse possession, etc., under a deed or deeds duly registered, etc., for at least five years after appellants' cause of action accrued and before the filing of their suit. The contention is that the instruction should have 'been that such adverse possession should have been for more than five years, instead of for at least five years. This complaint is hypercritical and too technical to require consideration. Certainly no harm could have probably resulted to appellants by reason of this technical error.

For the reasons hereinbefore given, we hold that the tenth and last assignment presents no fundamental error as contended by appellants. We therefore overrule the same.

The judgment of the trial court is affirmed.

Affirmed.