WYSS et al. v. BOOKMAN et al.    (No. 7622.)

(Court of Civil Appeals of Texas.    Galveston. Feb. 26, 1919.    On Motion for Rehearing, April 3, 1919.)

1. APPEAL AND ERROR &=722(1) — ASSIGNMENTS OF ERROR—CONFORMITY TO MOTION FOR NEW TRIAL.

In cases tried before the court without a jury, the objection is no longer available that assignments cannot be considered because they are not the same as contained in the motion for new trial and were not filed at the same time.

2. APPEAL AND ERROR &=880(3)—RIGHT TO COMPLAIN OF JUDGMENT—LACK OF SUPPORT IN EVIDENCE.

Where there was full proof as to appealing defendants they cannot raise any question as to whether or not the judgment against other parties defendant not appealing rested on any evidence.

3. JUDGMENT &=91 — DECREE BY CONSENT — BINDING FORCE.

In suit on vendor's lien notes, the judgment entered by agreement held binding on the appealing defendants, as made in open court and entered of record in full compliance with rule 47 for the district and county courts (142 S. W. xxi), in the absence of objection even to the form of the decree, except in two particulars; one respecting a remedy not available to appellants, the other matter otherwise provided for.

4. COURTS &=475(2, 3)—FORECLOSURE OF LIEN —PENDENCY OF ADMINISTRATION.

In suit on vendor's lien notes, provision of a consent judgment directing sale of the interest of a decedent's estate through the district court, which had taken jurisdiction of the entire controversy as to all parties having any interest to be affected by the foreclosure was not void merely because administration of the estate was pending in the probate court.

5. JUDGMENT &=91—BY CONSENT—DISPOSITION OF RIGHTS OF DEFENDANT—FAILURE TO MENTION BY NAME.

A consent judgment in a suit on vendor's lien notes, which recited that all defendants had been duly and legally cited, were properly before the court, and that the rights and interests of all were determined, held to have disposed of the rights of a defendant whose name was not specially mentioned.

On Motion for Rehearing.

6. APPEAL AND ERROR &=1116—DISPOSITION —DECLARATION AS TO VOID CHARACTER OF JUDGMENT—REFORMATION.

In suit on vendor's lien notes, where some of the vendors, owning 55 acres of the land among themselves, were under the consent judgment entitled to have their lands free through releases on payment of costs, but the matter was not originally assigned as constituting error, and the incoherent and bulky record does not disclose precisely who the parties were, or what tracts were owned, the Court of Civil Appeals cannot declare the judgment void, or reform it to decree releases to those entitled.

Appeal from District Court, Grimes County; S. W. Dean, Judge.

Suit by P. B. Bookman and another against William Wyss and others. From judgment for plaintiffs, certain defendants appeal. Affirmed.

Stewarts, of Galveston, and Thos. P. Buffington, of Anderson, for appellants.

H. L. Lewis, of Navasota, for appellees.

GRAVES, J.    Appellees, P. B. Bookman and W. S. Craig, brought this suit upon two vendor's lien notes given to them May 3, 1909, by Frank H. Thaman in part payment of the purchase money on 1,125 acres of land in the Mary Austin league No. 14, in Galveston county, which they had contemporaneously conveyed to him with reservation of a vendor's lien to secure payment of the notes. Thaman and wife, together with many other persons who were alleged to have acquired whatever claims they might have against any parts of the land through or under Thaman, and therefore subject to the terms of the prior lien he had so given against the whole of the land, were made parties defendant. This lien was also declared upon, and foreclosure thereof sought against all the defendants, but judgment for the debt evidenced by the notes was asked against Thaman alone.

Frank H. Thaman appeared and answered. Hon. Pat N. Fahey, an attorney of the Grimes county bar, who had been appointed by the court for that purpose, appeared and answered for all the minor defendants and for all defendants cited by publication who did not otherwise answer. Certain other defendants who are the appellants in this

court, appeared and answered by their attorneys, Messrs. Stewarts, of Galveston, and Thomas P. Buffington, of Anderson, Tex.

The court disposed of the case without the aid of a jury, and on July 19, 1917, filed the judgment, entered as of date June 14, 1917, from which this appeal proceeds. On July 28, 1917, the appellants filed a motion for and specifically asked a new trial, termed in their brief here a motion to vacate and set aside the judgment, which the court upon the same day overruled, and they appealed.

Besides a bill of exceptions allowed to appellants and designated in the transcript here "Defendants' Statement of Facts," there are two separate statements of facts in the record, one signed by attorneys for plaintiffs below and by Pat N. Fahey in behalf of the defendants for whom he had answered, reflecting the proceedings as affecting those persons, and showing that judgment upon full proof had been rendered as to all of them, which was approved by the judge, and the other signed by the judge alone, and containing this recitation:

"And the statement of facts, here now prepared by the court and ordered to be filed as a part of the case, applies only to the cause of action and controversy as between plaintiffs and all parties represented by the Stewarts and Judge T. P. Buffington."

None of the parties so represented by Mr. Fahey have appealed, the issues here being such only as are presented in behalf of those for whom Messrs. Stewarts and Judge Buffington acted; they being, as before stated, the sole appellants.

[1] Objection is made to consideration of any of the assignments upon the ground that they are neither the same ones as were contained in the motion for new trial, nor were they filed at the same time, the following authorities being referred to: Rule 29 (142 S. W. page xii); article 1612, Vernon's Sayles' Civil Statutes 1914; Edwards v. Youngblood, 160 S. W. 288; Dees v. Thompson, 166 S. W. 56; Barkley v. Gibbs, 203 S. W. 161.

Much to the liking of this court, however, in its preference for being always permitted to consider causes upon their merits, this objection is no longer available in cases tried before the court without a jury, as this one was, under the recent decision of our Supreme Court in H. & S. Eng. Co. v. Turney et al., 203 S. W. 593. It is therefore overruled.

[2] After a careful consideration of this very voluminous record, in the light of the different contentions made upon it by the appellants, we are unable to say they have pointed out any such error as entitle them to a reversal. Their main position is:

"The bill of exceptions and statement of facts of the court herein show conclusively, that no trial was ever had of the case, and no facts were ever submitted to the court upon which to base its judgment."

As is recited in the preceding statement, however, there was full proof as to the main defendant, Thaman, who executed the notes sued on, and as to all those for whom the attorney appointed by the court answered. The statement of facts embodying this proof, which was approved by the court, showed that the two vendor's lien notes declared upon against Thaman, together with the deed to him reserving the lien upon the 1,125 acres to secure their payment, and all the various subsequent deeds and instruments down from and under him, through which any rights in any of the other parties to this suit, including the appellants, might have flowed, were in evidence. Neither Thaman nor any of the other defendants as to whom that proof applied are complaining, having entered no appeal from the court's judgment against them. In these circumstances, with the judgment itself reciting that a jury had been waived, that all matters of fact in controversy as well as of law had been determined by the court after fully hearing and understanding the pleadings, the evidence, and the argument of counsel, it is not perceived how any question can in this court be raised by appellants as to whether or not the judgment of the court below against other parties not appealing therefrom rested upon any evidence.

[3] So far as appellants themselves are concerned, however, both the bill of exceptions awarded to and the judgment rendered against them below recite that the judgment was an agreed one as between them and the appellees Bookman and Craig; that portion of the judgment being as follows:

"The said counsel each and all appeared in open court and announced that they had agreed upon the terms [of] a judgment, and announced the terms to the court, and they authorized the court to enter the judgment upon the agreement, and they said they would prepare a decree and submit same to the court for entry upon the minutes of the court. A decree was prepared by the plaintiffs' attorneys and submitted to me, together with letters and telegrams passing between attorneys for plaintiffs and defendants, and a decree submitted by counsel for defendants was shown me by counsel for plaintiffs. I approved the decree submitted by plaintiffs' counsel as being in accordance with the agreement, which agreement made in open court was that the plaintiffs should have judgment foreclosing their lien as set out in their petition against all of the defendants, the land to be sold in the inverse order in which same was sold by Thaman to the other defendants. There had previously been entered an interlocutory judgment against the defendant Thaman. The agreement further was that upon payment of all costs by defendants holding 55 acres of the land that these defendants should have their lands free. There is no motion for new trial by defendant Thaman, and he does not complain of the judgment.

"Before I approved the judgment finally recorded, I satisfied myself that the plaintiffs had executed a release as to the 55 acres of land to be delivered on payment of costs. These were executed, as I am informed, and no question has been raised as to their execution; they being tendered into court on the hearing on the 28th day of July, A. D. 1917, upon the effort to settle differences as to the terms of the judgment. There was only one difference in the two judgments tendered outside of the 55 acres, and that was this: The judgment rendered by counsel for defendants provided for judgment over against Thaman, and I told Gibson I was perfectly willing to enter this if he would file a sufficient pleading and get a waiver from Thaman. He agreed that the judgment would be void unless he did so. This left only one point of difference in the two judgments, and that was the release of the 55 acres of land, which was to be done upon payment of costs, as the agreement was made in open court, and as counsel now admit was the agreement. The costs had not been paid, and I had entered the foreclosure; but Judge T. P. Buffington made the agreement to pay the costs, and as he is amply solvent, and I personally know will carry out his agreements, I, in open court, on July 28, 1917, at said hearing, told counsel for the defendants that I would enter an order or judgment correcting the orignal judgment as to the 55 acres of land, and Mr. Gibson went off to prepare this judgment, but, instead of preparing it, prepared and filed the motion for new trial."

Just why this agreed judgment is not binding on appellants is not apparent. It was "made in open court and entered of record" in full compliance with the requirements of rule 47 for the district and county courts (142 S. W. xxi). There was no pretense of objection even to the form of the decree as entered, except in two particulars: First, appellants were not given judgment over against their codefendant Thaman; second, release of the 55 acres was not therein expressly provided for. In the state of their pleadings, counsel for appellants himself conceded that the first of these remedies was not available and could not legally be accorded them; the second was provided for in the court's acceptance of Judge Buffington's assurance that the costs would be paid, and evidently appellants have but to await compliance therewith in order to obtain the releases. Upon neither ground, therefore, can it be rightly said that any invalidity appears in the judgment, nor is any right to complain here against it disclosed.

Through a number of assignments it is further contended, however, that the judgment is void for several reasons—among them: That it directs a sale through the district court of lands belonging to the estate of Thos. A. Oxley while an administration thereon was pending; that in effect it authorizes personal recovery against defendants cited by publication only, who did not answer in the action; and that it fails to dispose of the defendant Clem Schneider. It may be that these objections disclose some irregularities in the general judgment entered; but, if so, since they relate to other and nonappealing parties exclusively, except as to Oxley's administrator, they are neither such as necessarily render the judgment invalid as to appellants, nor of a nature entitling them to complain, after fully agreeing to the judgment below in so far as it affected their own rights.

[4] As to the Oxley estate's interest, the provision directing its sale through the district court, which had taken jurisdiction of the entire controversy as to all parties having any interest to be affected by the foreclosure, would not be void merely because an administration upon that estate was then pending in the probate court. See Lauraine v. Masterson, Vaughan, et al., 193 S. W. 708, 712, et seq., in which cases writs of error have been denied by our Supreme Court.

[5] We do not think the contention that defendant Clem Schneider was not disposed of borne out by the record. An examination of the judgment discloses that, while his name is not specially mentioned, it is therein recited that all the defendants had been duly and legally cited, were properly before the court, and that the rights and interests of each and all of them were thereby determined.

There are other similar criticisms presented; but after careful consideration of them all, in the light of the record brought up, the conclusion is reached that none of them point out reversible error.

It follows that the judgment should be affirmed; that order has accordingly been entered.

Affirmed.

### On Motion for Rehearing.

In the motion for rehearing attention is called to an inadvertent but wholly immaterial error of recitation in the original opinion. It was there stated:

"So far as appellants themselves are concerned, however, both the bill of exceptions awarded to and the judgment rendered against them below recite that the judgment was an agreed one as between them and the appellees Bookman and Craig, that portion of the judgment being as follows."

This sentence should have read:

"So far as appellants themselves are concerned, however, both the bill of exceptions awarded to them and the statement of facts prepared and signed by the court, which applied only to the issues between themselves and the appellees, recite that the judgment was an agreed one as between them and the appellees Bookman and Craig, that portion of the statement of facts reading as follows," etc.

In acknowledging the opportunity to make the correction, it may be added that the

matter then copied from the record in the former opinion was correct in every particular, being merely attributed to the judgment, instead of the statement of facts.

[6] It is quite evident from the portions of the statement of facts there quoted, as appellants now contend, that some of the defendants owning among themselves 55 acres of the land were, under the judgment rendered, entitled to have their lands free through releases thereof upon payment of costs; but this matter was neither originally assigned as constituting error, nor does the bulky and somewhat incoherent record presented to this court disclose just who these parties were, or what particular tracts of land they severally owned. Manifestly under these conditions, this court is in no position either to declare the entire judgment void, or even to so reform it as to decree releases to those entitled thereto, which might be done, were the necessary facts before us.

After a most careful consideration of every contention upon rehearing, presented as they are under a criticism of the action of both this and the trial court lacking somewhat in that high degree of helpful courtesy usually accorded the courts by the able counsel for appellants, we conclude that our former disposition of the appeal was correct, and must be adhered to. The motion is therefore overruled.

Overruled.

---
⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes