## PARIS v. ESTES.   (No. 339.)

(Court of Civil Appeals of Texas. Waco.
March 11, 1926. Rehearing Denied
April 22, 1926.)

1. Appeal and error ⬡⇒759—Propositions stated in brief cannot take place of assignments of error not copied therein.

Where brief stated two propositions on which appeal was based, but no assignment of error was copied in brief, held, propositions cannot take place of assignments of error.

2. Appeal and error ⬡⇒759—Where no assignment of error was copied in brief, there was nothing for Court of Civil Appeals to consider (rule 29 [142 S. W. XII] for Courts of Civil Appeals).

Where brief stated case was brought before court on one assignment of error, but no assignment of error was copied therein, there was nothing to consider, since, in view of rule 29 for Courts of Civil Appeals, court will presume appellant has waived all assignments.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by C. C. Paris against R. W. Estes. Judgment for defendant, and plaintiff appeals. Affirmed.

Houtchens & Clark, of Fort Worth, for appellant.

J. C. Hyer and A. M. Scott, both of Fort Worth, for appellee.

STANFORD, J. This suit was instituted by appellant against appellee in the justice court, from which it was appealed to the county court, where judgment was rendered for appellee, the defendant below. The suit was for a balance claimed by appellant to be due him by appellee for labor performed for appellee, and also money advanced and paid to other parties at the special instance and request of appellee. Among other items alleged to have been paid at the special instance and request of appellee was: "Time to wife of plaintiff, Mrs. C. C. Paris, for four days papering house of said defendant, $16." The trial court sustained a special exception to this item, and struck it out, and instructed the jury not to consider same, and the error of the court in so doing was properly reserved by bill of exception, and was properly urged as paragraph 2 of his motion for new trial.

### Opinion.

[1, 2] As we view this record, there is nothing that we can consider. Under the head of "Foreword" in the beginning of his brief, appellant states the case is brought before this court upon one assignment of error, but we are not informed what that assignment is. He states two propositions upon which the appeal is based, but there is no assignment of error copied in appellant's brief. Propositions cannot take the place of assignments of error. There being no assignment of error brought forward in appellant's brief, it is our duty to presume appellant has waived all assignments (rule 29 for Courts of Civil Appeals [142 S. W. XII]; Shipp v. Cartwright [Tex. Civ. App.] 182 S. W. 70; Rushing v. Citizens' Nat. Bank [Tex. Civ. App.] 162 S. W. 460; Norton v. Lea [Tex. Civ. App.] 170 S. W. 267; Watson v. Patrick [Tex. Civ. App.] 174 S. W. 632; Wentzell v. Chester [Tex. Civ. App.] 189 S. W. 304; Mason v. Gantz [Tex. Civ. App.] 226 S. W. 435; Kibby v. Kessler [Tex. Civ. App.] 225 S. W. 277; Ater v. Ellis [Tex. Civ. App.] 227 S. W. 222), and nothing is presented that we are authorized to consider.

The judgment of the trial court is affirmed.